UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**STEVEN REAUX**                                **CASE NO. 6:25-CV-00084 SEC P**

**VERSUS**                                      **JUDGE ROBERT R. SUMMERHAYS**

**SAMMY LAPORTE, ET AL**                  **MAGISTRATE JUDGE AYO**

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Steven Reaux, who is proceeding *pro se* and *in forma pauperis* in this matter. Reaux is currently in the custody of the Louisiana Department of Corrections and is incarcerated at the Vermilion Parish Jail. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.  BACKGROUND**

Reaux complains of the conditions of his confinement at the Vermilion Parish Jail. Specifically, he contends that there are no adequate inspections of the cleaning processes at the jail. Rec. Doc. 1, p.3. He alleges that there is mold despite the cleaning efforts of inmates, that inmates are given cleaning chemicals without proper materials such as scrubbing pads or towels, and that maintenance fails to properly clean the vents or sinks. *Id.* He also contends that the administration continues to be indifferent to his "norm of philosophical needs" by only allowing him to eat and drink out of an 8-ounce disposable cup. *Id.* Finally, he complains that he is housed with individuals "of a different class that suffers [sic] with mental disorders." *Id.* at p. 4.

He asks for "adequate cleaning in the jail," and $20,000.00 for pain and suffering. *Id.* at p. 5.

## II. LAW AND ANALYSIS

### A. *Frivolity Review*

Reaux has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color

of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### C. Conditions of Confinement

Regardless of whether Reaux is a pretrial detainee or a convicted prisoner, the standard of liability is the same for episodic acts or omissions of jail officials of the type alleged in this case. *McCarty v. Zapata County*, 243 F. App'x 792, (5th Cir. 2007) (citing *Gibbs v. Grimmette*, 254 F.3d 545, 547 (5th Cir.2001); *Hare v. City of Corinth*, 74 F.3d 633, 636 (5th Cir.1996)); *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 526 (5th Cir.1999). In *Hare*, the Fifth Circuit held

> (1) that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement; and (2) that a state jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk.

74 F.3d at 650.

Nothing in the complaint before this Court leads to an inference that the conditions Reaux describes are the result of a prison official's act either "implement[ing] a rule or restriction or otherwise demonstrat[ing] the existence of an identifiable intended condition or practice" or that the "official's acts or omissions were sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by other officials, to prove an intended condition or practice." *Id*. at 645. Thus, the complained-of harm is a particular act or omission of one or more officials, and the deliberate indifference standard enunciated in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), applies. *Olabisiomotosho*, 185 F.3d at 526; *Tamez v. Manthey*, 2009 WL 4324808, at *4 (5th Cir. 2009).

3

Applying this standard, Reaux's allegations do not rise to the level of constitutional violations. Two requirements must be met before Section 1983 liability will arise for constitutional violations relating to conditions of confinement of the type Reaux described.

First, the alleged deprivation must objectively be "sufficiently serious," which means that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). To rise to the level of a constitutional violation, the conditions must be "'so serious as to deprive [plaintiff] of the minimal measure of life's necessities,' in this case the basic human need for sanitary conditions." *Alexander v. Tippah County,* 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)).

Second, the inmate must show that a prison official was deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 847. A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837 (emphasis added). The Supreme Court has held that "'deliberate indifference' is a stringent standard of fault, requiring proof at a municipal actor disregarded a known or obvious consequence of his action." *Southard v. Tex. Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir.1997) (quoting *Bd. of County Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 410 (1997). The "deliberate indifference" standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent oversight[s]." *Id*. (citing *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 756 (5th Cir. 1993)

"'Subjective recklessness,' as used in the criminal law, is the appropriate test for deliberate indifference." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (citing *Farmer*, 511 U.S. at 838–40).

Reaux's allegations meet neither of these two requirements. The conditions he describes, while not comfortable or pleasant, do not rise to a level of seriousness constituting a constitutional violation. Reaux does not allege that he has suffered a serious physical injury or illness as a result of the allegedly unsanitary conditions. Thus, he alleges no serious harm or risk of serious harm in the constitutional sense, and the court can perceive none under the circumstances described in the complaint.

Short-term sanitation problems, although admittedly unpleasant, do not amount to constitutional violations. *Whitnack v. Douglas Cty.*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Illinois State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell,* 801 F.2d 765, 771 (5th Cir. 1986)); accord *Benshoof v. Layton*, 2009 WL 3438004, at *4 (10th Cir. Oct. 27, 2009); *Gates v. Cook*, 376 F.3d 323, 342 (5th Cir. 2004).

Serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982). Courts have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." *Talib v. Gilley*, 138 F .3d 211, 215 (5th Cir. 1998) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)); accord *Hernandez v. Velasquez.* 522 F.3d 556, 560 (5th Cir. 2008).

Reaux's allegations about mold, dirty conditions and disposable dishes fail to establish constitutional violations. *See Davis*, 157 F.3d at 1006 (no constitutional injury when plaintiff

was confined in "filthy" cell) (citing *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation when prisoner was exposed for four days to raw sewage from overflowed toilet in his cell)); *Davis v. St. Charles Parish Corr. Ctr.,* 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010) (citing *Talib*, 138 F.3d at 215); *Wilson v. Lynaugh*, 878 F.2d 846, 849 n.5 (5th Cir. 1989)) (holding that inmate who complained of "unsanitary practice[s]," including inadequate ventilation, unsanitary water fountains, 52 inmates using one ice cooler, restroom four feet from the dining area, toilets leaking water and unsanitized living quarters, failed to state a claim and noting, "Simply because [plaintiff's] dorm is less sanitary than he would like does not render the conditions unconstitutional.").

### D. Classification of Prisoners

Reaux also complains that the defendants have violated his constitutional rights by housing him with prisoners who suffer from mental illness. He alleges that this housing situation has caused him "trauma and sleep deprivation." Rec. Doc. 1, p. 4. As discussed above, the Constitution does not mandate comfortable prisons and "to the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. Although Reaux references emotional and mental distress because of his housing assignment, there is no constitutional right to a stress-free environment while incarcerated. *See Cupit v. Jones*, 835 F.2d 82, 84 (5th Cir. 1987). Reaux's claim that his housing classification is unconstitutional is frivolous.

### III. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Plaintiff Steven Reaux's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers this 5th day of February, 2025.

_____
David J. Ayo
United States Magistrate Judge